UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 6:16-cr-00056-GFVT |
| v. | ) ) | **ORDER** |
| ROBIN LAWSON, | ) ) | |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly Ingram.  [R. 524.]  In 2017, the Court sentenced Defendant Robin Lawson to 46 months of imprisonment followed by four years of supervised release after she pled guilty to conspiracy to distribute fifty grams or more of mixture or substance containing a detectable amount of methamphetamine.  *Id.*  The United States Probation Office charges Ms. Lawson with two Grade C violations of her supervised release conditions.  *Id.* at 2-3.  The United States ultimately recommended dismissal of the second Grade C violation.  *Id.* at 3.

The remaining Grade C violation stems from her failure to live at a place approved by the USPO and to notify the USPO ten days prior to any change in her living arrangements.  *Id.* at 2. Judge Ingram recommends that Ms. Lawson remain released on the existing conditions and serve the remainder of her current supervision period, set to terminate on March 4, 2024, with the added conditions that Defendant shall have no contact with Michael Eversole (except as necessary to raise their children and as approved by the USPO) and that she must complete 100

hours of weekend community service, to commence following Michael Eversole's release from his revocation term of imprisonment. *Id.* at 8-9. Judge Ingram based the recommendation on the nature and circumstances of Ms. Lawson's conviction, her criminal history, the need to deter others, and her breach of the Court's trust. *Id.* at 6-7.

Ms. Lawson appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 521.] During the hearing, Ms. Lawson competently, knowingly, voluntarily, and intelligently waived her rights to a preliminary hearing. *Id.* On May 4, 2023, Ms. Lawson appeared before Judge Ingram for her final hearing. [R. 523.] As Judge Ingram found, Ms. Lawson "competently, knowingly, voluntarily, and intelligently" stipulated to the first Grade C violation. *Id.*

After hearing the parties' arguments, Judge Ingram issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 524.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within seven (7) days of service. *Id.* at 9; *see* 28 U.S.C. § 636(b)(1).

More than seven days have passed and no one has objected to the Report and Recommendation. Moreover, Ms. Lawson waived her right to allocution. [R. 525.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and

2

recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 524]** is **ADOPTED** as and for the Opinion of the Court;

2. On the Government's motion, Violation #2 is **DISMISSED**;

3. Ms. Lawson is found **GUILTY** of Violation #1;

4. Ms. Lawson's supervised release is not revoked. Instead, Ms. Lawson **SHALL** remain released on the existing conditions (D.E. 208) and serve the remainder of her current supervision period, set to terminate on March 4, 2024, with the added conditions that Defendant shall have no contact with Michael Eversole (except as necessary to raise their children and as approved by the USPO), and that she must complete 100 hours of weekend community service, to commence following Michael Eversole's release from his revocation term of imprisonment; and

5. Judgment shall enter promptly.

This the 26th day of May, 2023.

Gregory F. Van Tatenhove
United States District Judge

3